IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. PISKANIN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>EDWARD RENDELL *Individually, and as the* )<br>*Governor of the Commonwealth of Pennsylvania* )<br>*and as a Freemason;* JEFFREY BEARD, )<br>*Individually, and as the Secretary of the* )<br>*Commonwealth of Pennsylvania, Department of* )<br>*Corrections*; COMMONWEALTH OF )<br>PENNSYLVANIA; DEPARTMENT OF )<br>CORRECTIONS  SUPERINTENDENT GOOD, )<br>*Individually, and as Superintendent, SCI Cresson* )<br>*and an employee of Pennsylvania Department of* )<br>*Corrections*; and MRS. RIEFER, *Individually,* )<br>*and as an employee of the Pennsylvania* )<br>*Department of Corrections at SCI Cresson,* )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 06 - 129J<br><br>Judge Kim R. Gibson /<br>Magistrate Judge Lisa Pupo Lenihan |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.**     **RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Petition and Motion for Preliminary Injunctive Relief Pendente Lite (doc. no. 3) be denied.

**II.**     **REPORT**

The Plaintiff, Michael J. Piskanin, an inmate incarcerated at the State Correctional Institution at Cresson, Pennsylvania (SCI-Cresson), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  The Defendants include:  Edward Rendell, Governor of the Commonwealth of Pennsylvania; Jeffrey Beard, Secretary of the Pennsylvania Department of

Corrections (DOC); Superintendent Good; and Mrs. Rieter, employee of DOC. Plaintiff claims that the Defendants have violated his federal and constitutional rights by confiscating a religious medal.

### A.     Standard of Review - Preliminary Injunctive Relief

Presently pending before the Court is the Plaintiff's Petition and Motion for Preliminary Injunctive Relief Pendente Lite (doc. no. 3). This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The purpose of the preliminary injunction is to preserve the status quo until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir. 1988)), *cert. denied*, 514 U.S. 1103 (1995). The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction.[1] Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990).

---

1.    These elements also apply to temporary restraining orders. Fink v. Supreme Court of Pennsylvania, 646 F. Supp. 569, 570 (M.D. Pa. 1986). *Cf*. NutriSweet Co. v. Vit-Mar Enterprises, Inc., 112 F.3d 689, 693 (3d Cir. 1997) (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must conform to the standards applicable to preliminary injunctions).

### B. Plaintiff's Claim for Injunctive Relief

Plaintiff's claim for injunctive relief is based on the allegations in his complaint that he was deprived of his "Miraculous Medal" when he was transferred to SCI-Cresson in July of 2005. He claims that he has suffered in his health and great mental anguish, fear and trepidation since the medal was taken. He claims that the medal exceeds DOC regulations only as to the loop at the top designed to attach it to a chain. He seeks an order restraining defendants from disposing of or destroying his medal and further seeks the return of his medal and to be allowed to wear it at all DOC institutions.

To the extent that he is seeking mandatory relief, his burden is particularly heavy. *See* Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir. 1994). Moreover, a request for injunctive relief in the prison context "must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.' " Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982)).[2]

The Plaintiff bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir.), *cert. denied*, 493 U.S. 848 (1989). This is not an easy burden. Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). "The word irreparable connotes "that which cannot be repaired, retrieved, put down again, atoned for . . .." Acierno, 40

---

[2]. *See also* Taylor v. Freeman, 34 F.3d 266, 269 (4th Cir. 1994) (noting that intervention in the management of state prisons is rarely appropriate where mandatory injunctive relief is sought and only preliminary findings as to the plaintiffs' likelihood of success on the merits have been made); Fisher v. Goord, 981 F. Supp. 140 (W.D.N.Y. 1997) ("In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons.").

F.3d at 653.[3]  Moreover, when considering the type of injury sustained by a party seeking relief, "the claimed injury cannot merely be possible, speculative or remote."  Dice v. Clinicorp, Inc., 887 F. Supp. 803, 809 (W.D. Pa. 1995).  An injunction is not issued "simply to eliminate a possibility of a remote future injury. . . ."  Acierno, 40 F.3d at 655 (citations omitted).  The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied.  United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990).  Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief.  *Id*.

Plaintiff's allegations fail to show any immediate, irreparable injury that will result from the Court's denial of his Motion that cannot be compensated with money damages.  Such relief, if necessary, should be required only after a full review of the relevant facts and law.  This is particularly true where Plaintiff concedes that his medal does not comport with DOC regulations.  Moreover, Defendants are holding Plaintiff's medal for him and are waiting until Plaintiff has adequate monies in his account to insure it for mailing to an address Plaintiff has submitted.

Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief."  Rizzo v. Goode, 423 U.S. 362, 379 (1976).  The federal courts are not overseers of the day-to-day management of prisons.  Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking."  Wolff v. McDonnell, 418 U.S. 539, 566 (1974).

---

3 .   *See also* Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102-03 (3d Cir. 1988) (holding that the irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages).

Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security.  Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff may very well be able to demonstrate that he is entitled to the relief he seeks. Notwithstanding, he has not demonstrated that he will suffer irreparable harm if the Court does not grant him injunctive relief prior to a full review of the merits of his action.

### III.   CONCLUSION

For the reasons stated above, it is respectfully recommended that the Plaintiff's Petition and Motion for Preliminary Injunctive Relief Pendente Lite (doc. no. 3) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

    Lisa Pupo Lenihan
    U.S. Magistrate Judge

January 29, 2007

cc:   Kim R. Gibson
     United States District Judge

     Michael Piskanin
     GG - 2457
     SCI Cresson
     Old Route 22

Cresson, PA 16699-0001

Mary Lynch Friedline
Office of Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219