IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. PISKANIN, Plaintiff, v. EDWARD RENDELL *Individually, and as the Governor of the Commonwealth of Pennsylvania and as a Freemason*; JEFFREY BEARD, *Individually, and as the Secretary of the Commonwealth of Pennsylvania, Department of Corrections*; COMMONWEALTH OF PENNSYLVANIA; DEPARTMENT OF CORRECTIONS  SUPERINTENDENT GOOD, *Individually, and as Superintendent, SCI Cresson and an employee of Pennsylvania Department of Corrrections*; and MRS. RIEFER, *Individually, and as an employee of the Pennsylvania Department of Corrections at SCI Cresson,* Defendants. | Civil Action No. 06 - 129J Judge Kim R. Gibson / Magistrate Judge Lisa Pupo Lenihan Doc. No. 21 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

 For the reasons that follow, it is respectfully recommended that the Defendants' Partial Motion to Dismiss (doc. no. 21) be granted.[1]

---

1. It is noted that Defendants did not move to dismiss Plaintiff's claims under RLUIPA; thus, any claims Plaintiff is raising under RLUIPA are not the subject of Defendants Motion and remain pending in this action.

**II.      REPORT**

Plaintiff, Michael J. Piskanin, an inmate incarcerated at the State Correctional Institution at Cresson, Pennsylvania, commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985, 1988 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. (RLUIPA). Named as Defendants are: Edward Rendell, Governor of Pennsylvania; Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections; the Pennsylvania Department of Corrections; Superintendent Good, Superintendent of SCI Cresson; and Ms. Riefer, employee at SCI Cresson. Plaintiff claims that Defendants violated his constitutional and federal rights by denying him his "Miraculous Medal" and by requiring him to throw away a "blessed cloth scapular," which was given to him while he was incarcerated at SCI Camp Hill.

**A. Standard of Review**

Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6) (doc. no. 21). The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). A viable complaint must include "enough facts to state a claim to relief that is

plausible on its face."  Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1964-65.

### B. Plaintiff's Allegations

In his Complaint, Plaintiff alleges the following.

On July 12, 2005, plaintiff Piskanin was committed to SCI Graterford pursuant to judgment of sentence which was imposed illegally.  Upon arrival, he was strip searched and deprived of his "Miraculous Medal" by an SCI Graterford Sergeant wearing Masonic insignia without just cause and over the objection of the plaintiff who asserted his first amendment rights and informed the Sergeant, whose identity is unknown presently, that he had worn said metal [sic] over the years at SCI Graterford, SCI Huntingdon, SCI Dallas and Lehigh County Prison without objection from officials.

Said Miraculous Medal eventually was forwarded to plaintiff at SCI Camp Hill where it was withheld; and then forwarded to SCI Cresson upon plaintiff's transfer to said institution.  In the interim, plaintiff had obtained a blessed cloth scapular from the visiting Catholic priest at SCI Camp Hill which he was wearing at the time of his transfer to SCI Cresson.  At the time of transfer, plaintiff was strip searched and notified by a correctional officer and sergeant that he was being ordered to remove and throw into the trash his blessed scapular in spite of Plaintiff's religious objections.  Under threat of force, plaintiff was compelled to commit the religious offense of sacrilege against his will; and deposited the cloth scapular into the trash basket/bag causing the Plaintiff considerable and severe mental distress and anguish. Upon lining up for the bus trip to Cresson, Plaintiff was singled out and verbally harassed, abused about his religious beliefs and need of a cloth scapular

> in front of numerous prisoners and two guard Lieutenants on site who took no action to intervene; but stood there laughing.
>
> Upon arrival at SCI Cresson the said Sergeant continued to religiously harass Plaintiff. Plaintiff thereafter was advised by letter from Defendant Beard and Good that his miraculous medal was being transferred from SCI Camp Hill to SCI Cresson. At about January 2006, Defendant Riefer in a personal meeting examined Plaintiff's Miraculous Medal in a callous and insensitive manner demonstrating disrespect for plaintiff's religion and religious beliefs and medal and declared that plaintiff's Miraculous Medal to be oversized pursuant to Department of Corrections regulations over plaintiff's objections that the religious medal was substantially smaller than religious medallions, crosses, symbols, crosses worn and displayed by other prisoners at SCI Cresson and other Department of Corrections facilities. In fact, plaintiff pointed out to Ms. Riefer that the Miraculous Medal was of average or less size for Catholic Religious Medals and that he had worn the medal at other SCI locations in the past without objection or restriction.
>
> After Ms. Riefer confiscated my miraculous medal, I began the grievance appeal process requesting relief from Mrs. Riefer, Supt. Good, continued through to the final review by the office of the Secretary Defendant Beard and was denied temporary and final relief.

Compl., doc. no. 6, pp. 3-4.

### C. Liability under 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendants pursuant to, *inter alia*, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold

requirements.  He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

1.      Defendant Pennsylvania Department of Corrections

Plaintiff seeks to assert liability against the Pennsylvania Department of Corrections (DOC).  Defendants seek dismissal of this action against Defendant DOC on the basis that it is barred by sovereign immunity as set forth in the Eleventh Amendment.  In this regard, the Eleventh Amendment to the United States Constitution provides as follows.

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

The withdrawal of jurisdiction in the Eleventh Amendment confers upon the individual states immunity from suit in the federal courts.  This grant of sovereign immunity encompasses not only suits in which a state is a named defendant but also extends to suits brought against state agents and state instrumentalities that have no existence apart from the state, *see* Regents of the

University of California v. Doe, 519 U.S. 425 (1997); Alabama v. Pugh, 438 U.S. 781, 782 (1978), and applies to suits brought by citizens of the defendant state as well.  *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984). Notwithstanding, the immunity provided in the Eleventh Amendment is not absolute.  A state may expressly waive its grant of sovereign immunity by state statute or constitutional provision.  In addition, Congress can abrogate the States' Eleventh Amendment immunity through a statute enacted under constitutional authority granting Congress the power to regulate the activities of the states.  *See, e.g.*, Pennsylvania v. Union Gas Co., 491 U.S. 1, 15 (1989) (Commerce Clause, which allows Congress to restrict interstate trade activity); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 246 (1985) (section five of the Fourteenth Amendment, which allows Congress to enforce the provisions of the Fourteenth Amendment).  However, Congress must express its intention to abrogate the Eleventh Amendment in unmistakable language in the statute itself.  Seminole Tribe of Florida v. Florida, 517 U.S. 44, 55 (1996); Atascadero, 473 U.S. at 246.

   The DOC is a part of the executive department of the Commonwealth of Pennsylvania.  *See* Pa. Stat. tit. 71, § 61.  Thus, it shares in the Commonwealth's Eleventh Amendment immunity.  *See* Lavia v. Pennsylvania, Dept. of Corrections, 224 F.3d 190, 195 (3d Cir. 2000).

Moreover, the Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity with respect to actions pursued under the Civil Rights laws. In this regard, Pennsylvania's constitution states that "[s]uits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." Pa. Const. Art. 1, § 11 (emphasis added). The Pennsylvania legislature has, by statute, expressly declined to waive its Eleventh Amendment immunity. See Pa. Const. Stat. ., tit. 42, § 8521(b) ("Nothing contained in this subchapter [on actions against Commonwealth parties in civil actions and proceedings] shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States."). None of the exceptions to sovereign immunity contained in 42 Pa. Cons. Stat. § 8522 are applicable to the Plaintiff's allegations. Moreover, the federal courts repeatedly have held that Congress did not abrogate the state's Eleventh Amendment immunity when it enacted the Civil Rights Act, 42 U.S.C. § 1983. *See, e.g.*, <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); <u>Quern v. Jordan</u>, 440 U.S. 332, 341 (1979); <u>O'Hara v. Ind. Univ. of Pa.</u>, 171 F.Supp.2d 490, 495 (W.D. Pa. 2001) ("The

Commonwealth of Pennsylvania has not waived its immunity in § 1983 civil rights cases and Congress did not abrogate state immunity in general in enacting civil rights legislation, including § 1983."); Boykin v. Bloomsburg Univ. of Pa., 893 F. Supp. 378 (M.D. Pa. 1995) (holding that states' immunity has not been abrogated for actions brought under §§ 1981, 1983, 1985, and 1986), *aff'd*, 91 F.3d 122 (3d Cir. 1996).

Consequently, Defendants' Partial Motion to Dismiss should be granted as to Defendant DOC as to Plaintiff's claims under 42 U.S.C. § 1983.

Notwithstanding, Plaintiff appears to assert liability against DOC under the under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. (RLUIPA).[2] Defendants did not address this claim as Plaintiff did not specifically discuss it until he filed his Brief in Opposition to Defendants' Partial Motion to Dismiss (doc. no. 24) and his Reply to Affirmative Defenses of Defendants (doc. no. 25). It appears that Plaintiff may be able to bring such a claim against DOC. *See* Spratt v. Rhode Island Dept. Of Corrections, 482 F.3d 33 (1st Cir. 2007). Thus, to the extent that Plaintiff is raising

---

2. It is noted that in the caption of Plaintiff's Complaint he names "42 U.S.C. § 1983; 1985; 2000; 1988" as the basis for his claims. This Court construes this language as asserting a claim under RLUIPA.

claims against the DOC under RLUIPA, such claims should not be dismissed at this time.

2.        Defendant Rendell

Plaintiff seeks to assert liability against the Governor of Pennsylvania, Edward Rendell. To establish personal liability against a defendant in a section 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). *Accord* Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. *See also* Keenan v. Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992); Andrews v. Philadelphia, 895 F.2d 1469, 1478 (3d Cir. 1990). Also, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 111 S. Ct. 2827 (1991)(quoting, Chinchello v. Fenton, 805 F.2d 126, 134 (3d Cir. 1986));  *see also*, Rizzo v.

Goode, 423 U.S. 362 (1976). It is only when a supervising official permits a continuing custom or policy which results in harm to the plaintiff, that liability may attach. Colburn v. Upper Darby Township, 838 F.2d 663, 673 (3d Cir. 1988), *cert. denied*, 489 U.S. 1065 (1989). Such a policy or custom is predicated upon a finding that the official had contemporaneous knowledge of the incident or of similar incidents, or the supervisor's inaction sent a message of approval to the offending subordinate. *Id.*

In order to survive a motion to dismiss, a Plaintiff must name the individuals responsible, the conduct, the time, and the place of the incident that deprived him of his civil rights. Evancho, 423 F.3d at 353 (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d. 75, 80 (3d Cir. 1980)). Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement is insufficient. Accordingly, a § 1983 complaint must be dismissed when it fails to contain "even a remote suggestion that [a supervisory defendant] had contemporaneous, personal knowledge of [the alleged harm] and acquiesced in it." Evancho, 423 F.3d at 353.

Plaintiff has alleged no direct involvement by Defendant Rendell; nor has he alleged indirect involvement which would imply that this Defendant acquiesced in alleged unconstitutional misconduct. In addition, Plaintiff has failed to show a custom or policy which was permitted by Defendant Rendell with regard to

10

medical treatment which would lead to a violation of an inmate's Eighth Amendment rights.  Accordingly, any liability as to Defendant Rendell is premised upon the theory of respondeat superior which cannot support a Section 1983 action. *See* Evancho, 423 F.3d at 354 (allegations of personal liability on the part of the state Attorney General were insufficient where plaintiff did not specifically allege that the A.G. ordered the acts of his "underlings," or had acquiesced to those acts with contemporaneous knowledge of them).  Similarly, Plaintiff's conclusory allegations do not support a plausible inference that Defendant Rendell was in any way involved in Plaintiff's claims.  Consequently, it is recommended that Defendants' Partial Motion to Dismiss should be granted as to Defendant Rendell.

The Court further notes that Plaintiff has attempted to assert liability against Defendants based on his allegation that they were engaged in some sort of conspiracy.  In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.'" Parkway Garage, Inc. v. City of Philadelphia, 5 F.3d 685, 700 (3d Cir. 1993) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970)). A plaintiff must allege conspiracy with some particularity even though a heightened pleading standard generally does not apply to civil rights actions against individual defendants.  Bieros v.

11

Nicola, 860 F. Supp. 223, 225 (E.D. Pa. 1994) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).  A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." Spencer v. Steinman, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). *See also* Loftus v. Southeastern Pa. Transp. Auth., 843 F. Supp. 981, 987 (E.D. Pa. 1994) ("While the pleading standard under [Fed.R.Civ.Proc.] Rule 8 is a liberal one, mere incantation of the words 'conspiracy' or 'acted in concert' does not talismanically satisfy the Rule's requirements").

In the instant action, Plaintiff has failed to allege any facts showing an agreement or plan formulated and executed by any of the Defendants to achieve a conspiracy.  Absent allegations showing any agreement to deny Plaintiff's rights, Plaintiff's bald allegations of conspiracy are insufficient to state a claim upon which relief can be granted. *See, e.g.*, Swanson v. Miller, 55 Fed. Appx. 871, 2003 WL 150046 (10th Cir. Jan. 22, 2003 (upholding dismissal of plaintiff's conclusory allegations of conspiracy as insufficient to state a claim for relief); Tahfs v. Proctor, 316 F.3d 584 (6th Cir. 2003).  Consequently, Plaintiff's claims of conspiracy also should be dismissed.

3.      Alleged Destruction of Cloth Scapular

Plaintiff alleges that he obtained a blessed cloth scapular from a visiting priest while at SCI-Camp Hill but was forced to throw it away against his will when he was transferred to Cresson.  None of these allegations assert liability against any of the named Defendants in this action as they do not allege personal involvement against any named Defendant.  Thus, Defendants' Partial Motion to Dismiss should be granted as to this claim.

### III.     CONCLUSION

It is respectfully recommended that the Defendants' Partial Motion to Dismiss (doc. no. 21) be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                  s/Lisa Pupo Lenihan  
                                                  Lisa Pupo Lenihan  
                                                  U.S. Magistrate Judge

Dated    August 13, 2007

cc:      The Honorable Kim R. Gibson  
          United States District Judge

          Michael Piskanin  
          GG - 2457  
          SCI Cresson

```
Old Route 22
Cresson, PA 16699-0001

Counsel of record
```