IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. PISKANIN, | Civil Action No. 06 - 129J |
| Plaintiff, | |
| v. | Judge Kim R. Gibson / Magistrate Judge Lisa Pupo Lenihan |
| EDWARD RENDELL *Individually, and as the Governor of the Commonwealth of Pennsylvania and as a Freemason*; JEFFREY BEARD, *Individually, and as the Secretary of the Commonwealth of Pennsylvania, Department of Corrections*; COMMONWEALTH OF PENNSYLVANIA; DEPARTMENT OF CORRECTIONS  SUPERINTENDENT GOOD, *Individually, and as Superintendent, SCI Cresson and an employee of Pennsylvania Department of Corrrections*; and MRS. RIEFER, *Individually, and as an employee of the Pennsylvania Department of Corrections at SCI Cresson*, | Doc. No. 52 |
| Defendants. | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.      **RECOMMENDATION**

It is respectfully recommended that the Plaintiff's Emergency Motion for Preliminary Injunctive Relief (doc. no. 56) be denied.

II.     **REPORT**

The Plaintiff, Michael J. Piskanin, an inmate previously incarcerated at the State Correctional Institution at Cresson, Pennsylvania (SCI-Cresson), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Plaintiff claims that

the Defendants have violated his federal and constitutional rights by confiscating a religious medal and blessed scapular.

In his present motion for injunctive relief(the third he has filed in this action) Plaintiff seeks injunctive relief related to his confinement in the Restricted Housing Unit at SCI-Houtzdale.[1] Such claims are not related in any way to the operative complaint, which alleges confiscation of his religious artifacts. He is not entitled to seek injunctive relief as to these new allegations. *See, e.g.*, Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Spencer v. Stapler, No. 04-1532, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied."); Westbank Yellow Pages v. BRI, Inc., NO. CIV. A. 96-1128, 1996 WL 255912, *1, (E. D. La. May 13, 1996)("A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not even sought in the underlying action."); Williams v. Platt, 2006 WL 149024, *2 (W. D. Okla. Jan.

---

1. Plaintiff is reminded that he is required to file a notice with the Court as to any change of his address.

18, 2006)("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001.  In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials.  A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.") (footnotes omitted).

**III. CONCLUSION**

    For the reasons stated above, it is respectfully recommended that the Plaintiff's Emergency Motion for Preliminary Injunctive Relief (doc. no. 56) be denied.

    In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                    Lisa Pupo Lenihan
                                                    U.S. Magistrate Judge

November 2, 2007

cc:  Kim R. Gibson

United States District Judge

Michael Piskanin
GG - 2457
SCI Houtzdale
P. O. Box 1000
Houtzdale, PA 16698-1000